UNITED STATES *v.* H. W. ROBINSON & Co. (No. 3537)[1]

United States Court of Customs and Patent Appeals, November 30, 1932

*Charles D. Lawrence,* Assistant Attorney General (*William Whynman* and *Ralph Folks,* special attorneys, of counsel), for the United States.
*Brown & Carter* (*Allan R. Brown* and *Fred J. Carter* of counsel) for appellee.

[Oral argument October 10, 1932, by Mr. Folks and Mr. Carter]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

GRAHAM, Presiding Judge, delivered the opinion of the court:

The appellee, as customs broker for Haft & Co., imported certain woolen goods in cases at the port of New York, which goods were entered on February 2, 1928. The goods were later, on February 8, 1928, opened in the office of Haft & Co., and it was found that one of the cases, marked ⟨H⟩, No. 121, contained but six pieces of cloth instead of the nine pieces which were shown by the invoice.

---

[1] T. D. 46036.

As soon as this was discovered Theodore D. Helprin, marine surveyor and cargo surveyor, made an examination of the case. This examination disclosed that the ends of two boards on one side of the case had apparently been raised and replaced, and that there was a vacant space in the case which was filled with waste burlap and brown paper.

The importer duly made claim for the shortage by protest, claiming nonimportation. The United States Customs Court sustained the protest and made allowance for the shortage. From that judgment the Government has appealed.

Upon the hearing in the court below three witnesses were called by the protestant. The witness Helprin testified substantially as heretofore stated as to the condition of the case in question when he examined it. Walter P. McDowell, chauffeur for the importing brokers, testified that he received the case at the pier on February 3, and delivered it to Haft & Co. in the same condition in which he received it, and that nothing was removed from the case while it was in his possession. Bruno Aldine, bookkeeper, stock and shipping clerk of Haft & Co., testified that the case was received from the importer's truckman on February 3 and was placed in the office of Haft & Co. He testified further that the doors and windows of this office were provided with sufficient locks, the keys of which were in the possession of himself and Mr. Haft, of the company; that the windows were kept locked at night; that during the daytime, while the case was in said office, people came in and transacted business in the office; that no examination was made of the case during the time it was in the office until February 8; that, so far as his knowledge goes, nothing was taken out of said case from the day of its receipt up until the date it was opened.

The protest herein was filed on July 30, 1928. On October 24, 1928, the collector forwarded the papers to the Customs Court, and in his letter of transmittal, which is denominated by the title thereof as "Report of the collector," the collector made this statement:

The case in question, 121, was landed and disposed of by the discharging inspectors without any notation of bad order or shortage, apparently landed and delivered in good order.

It was not under examination by the appraiser.

Attached to the papers is a report made to the collector, presumably initialed by the surveyor of the port, dated May 25, 1928, stating, as to the case 121: "Apparently landed and delivered in good order."

The trial court held that the said report of the collector was untimely and no part of the record, citing *Bonwit Teller & Co.* v. *United States*, 19 C. C. P. A. (Customs) 238, T. D. 45339.

The Government claims this holding was error. In this view we can not concur. The statute, section 515, Tariff Act of 1922, provides

that the collector, upon the receipt of a protest, "shall within sixty days thereafter review his decision." It further provides that if the collector shall affirm his original decision, he shall *forthwith* transmit the entry and the accompanying papers to the Customs Court. We are of opinion the case of *Bonwit Teller & Co., supra,* together with the cases cited therein, is ample authority in support of the view taken by the Customs Court in this case. The letter of transmittal of the collector herein was made long after the period when he might, by law, have reviewed his former decision and after jurisdiction had vested in the Customs Court. Surely, no statements which he might then make in such letter as to the subject matter in controversy have any evidentiary weight, whether considered as a part of the record or not. The Customs Court committed no error in disregarding them.

The case must be decided upon the evidence in the record heretofore outlined. The burden was upon the protestant to prove, at least by a preponderance of the evidence, that the missing goods were not imported. Unless it has done this, its protest can not be sustained. In order to establish nonimportation, it is essential that the record show with reasonable certainty that case No. 121 was in the same condition when the shortage was discovered as it was when it entered the jurisdictional limits of the United States.

A careful examination of the evidence discloses that this fact has not been established. The goods were entered on February 2, and upon the same date the importer paid the estimated duties. The record does not show when the Government's custody of the merchandise ended and the importer's custody began. While appellee's agent, the truckman, did not take the goods from the dock until the 3d, it is entirely possible that under the facts in this case, if fully shown, the goods were not in the Government's custody after February 2 and might have been lying on an unguarded dock exposed to theft.

Appellee has attempted to show only that from the time the truckman "picked them up" from the dock they had not been stolen or removed from the box. When a given quantity of imported merchandise has been inventoried, entered and duty thereon has been paid by the importer, and the goods have been released from customs custody, there is existing a very strong presumption that all the goods so inventoried have been delivered, and in order for the importer successfully to claim the nonimportation of any portion of such entry every element of proof necessary to establish that the goods were not imported should be presented. It may be that the appellee could have furnished sufficient proof to explain such deficiencies. We may not, however, imply facts as proved which are not established by the record.

After the case was taken to the office of Haft & Co. it lay for five days in a room into and from which people were continually passing. Whether there was any opportunity for abstraction of three rolls of cloth during that period does not appear. In this respect, also, therefore, the appellee has failed to established its claim of nonimportation.

For these reasons the judgment of the United States Customs Court is *reversed*.